# Supreme Court of Texas

No. 22-0871

Duke Inc., General Contractors,

*Petitioner*,

v.

Denis Garcia Fuentes, Individually, Tania Concepcion Mejia Matute, Individually, and as Legal Guardians and as Next Friends of Angel De Jesus Garcia Mejia, Cristal Belen Garcia Mejia, and Cristy Belen Garcia Mejia,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

JUSTICE BUSBY and JUSTICE YOUNG, concurring in the denial of the petition for review.

This case implicates the recurring problem of permissive interlocutory appeals. We write separately to address three topics.

First, the chief problem is that many courts of appeals deny most such appeals, often without meaningful explanation. Second, the "escape hatch" that this Court occasionally opens by granting review of a case in which a court of appeals unjustifiably denied a permissive interlocutory

appeal is deeply unsatisfactory; it amounts to a direct interlocutory appeal to this Court. Third, and fortunately, the legislature has recently amended the statute to forbid unexplained denials. The amendment also authorizes this Court to review such determinations de novo and to direct the court of appeals to reach the merits.

# I

Respondent Dennis Fuentes sued petitioner Duke Inc. for injuries he sustained while working on a construction site. Fuentes pleaded a premises-liability theory and asserted that Duke (a general contractor) controlled the work of KE Construction (an independent contractor) and thus owed a duty of care to Fuentes (a KE Construction employee). Duke moved for summary judgment, which the district court denied.

In the same order, however, the district court certified that the question of duty was "a controlling question of law for which there are substantial grounds for difference of opinion" such that "an immediate appeal . . . will materially advance the ultimate termination of this litigation . . . ." The district court concluded, in other words, that the legal question met the requirements of our permissive-interlocutory-appeal statute. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d). The statute therefore authorized Duke to seek leave from the court of appeals to file an interlocutory appeal. *See id.* § 51.014(f); Tex. R. App. P. 28.3(e)(4).

The court of appeals responded with this short "memorandum opinion," reproduced here in full, that denied Duke's request:

> Appellant Duke Inc., General Contractors has filed a petition for permissive appeal seeking to challenge an interlocutory order denying its motion for summary judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d);

2

Tex. R. App. P. 28.3. To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable, the requesting party must establish that (1) the order to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion" and (2) an immediate appeal from the order "may materially advance the ultimate termination of the litigation." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); *see* Tex. R. App. P. 28.3(e)(4); Tex. R. Civ. P. 168. Because we conclude that the petition fails to establish each requirement of Rule 28.3(3)(e)(4) [*sic*], we deny the petition for permissive appeal. *See* Tex. R. App. P. 28.3(e)(4).

That one paragraph was the whole opinion. But only its last sentence said anything about the decision: "Because we conclude that the petition fails to establish each requirement of Rule 28.3(3)(e)(4), we deny the petition for permissive appeal. *See* Tex. R. App. P. 28.3(e)(4)." That sparse statement tells us nothing about why the district judge was wrong to believe that both requirements were met.[1] Which requirement was not satisfied, exactly? Why not?

One telling feature of the order is its reference to "each requirement of Rule 28.3(3)(e)(4)"—because "Rule 28.3(3)(e)(4)" does not exist. Indeed, the opinion's entire last sentence is word-for-word identical (including the typo) to the sentence used by a different court of appeals in this Court's most recent decision about interlocutory appeals. *See Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 18 (Tex. 2022) (plurality op.). That court of appeals had used the exact same language,

---

[1] In truth, there are three requirements: (1) that the question would be "controlling," (2) that there could be a reasonable difference of opinion about it, and (3) that resolution by the appellate court "may materially advance the ultimate termination of the litigation."

3

and exact same typo, in case after case. *Id.*

Yet the error continues to arise, as here, despite this Court expressly identifying its use in these "duplicative denials" and criticizing that practice. Rote repetition of an erroneous and unexplained formula, the plurality observed, "could at least be read to indicate . . . disagreement with our exhortation" that courts of appeals should not avoid deciding these interlocutory appeals. *Id.*[2] More troubling still, Duke notes that it submitted our opinions in *Industrial Specialists* to the court of appeals in this case, which responded two months later by using the exact language that *Industrial Specialists* had criticized.

## II

Understandably frustrated by the denial of its interlocutory appeal and the absence of any "basic reasons for it," Tex. R. App. P. 47.4, Duke now petitions this Court to review the merits of the appeal. We have the authority to do so. A court of appeals' denial of an interlocutory appeal, this Court has held, does not prevent us from accepting the appeal on petition for review. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 733–35 (Tex. 2019). In other words, even when the court of appeals refuses to reach the merits, *this* Court may do so and thus review the trial court's work directly, essentially substituting for the court of appeals. The Court's holding that we do not lack jurisdiction in such

---

[2] *See, e.g.*, *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 733 (Tex. 2019) ("[C]ourts of appeals should do exactly what the Legislature has authorized them to do—accept permissive interlocutory appeals and address the merits of the legal issues certified."); *S.C. v. M.B.*, 650 S.W.3d 428, 436 (Tex. 2022) ("[W]e reaffirm what we have said before: that the lower courts should make use of this procedural vehicle when appropriate.").

a case amounted to recognizing a sort of "escape hatch" so that important interlocutory appeals could still be considered despite a court of appeals' refusal to do so.[3]

According to Duke, we should open that escape hatch once again here. This Court should exercise its discretionary review, Duke contends, *precisely because* the court of appeals did not. Granting the petition and addressing the merits, Duke says, would be an opportunity for us to "lead by example," "heed [our] own admonishment," and "drive home this Court's message about permissive appeals in a way that will finally make a difference." If *we* grant review and reverse the trial court's order, Duke submits, that will "turn the tide."

Duke's position is understandable, but its proposal would not cure the disease; it would make it worse. Its argument exposes the weakness of *Sabre Travel*'s escape hatch: courts already disinclined to grant interlocutory appeals (despite our repeated exhortations) would feel even less pressure to do so if they knew that we will just take the appeal ourselves. If a court of appeals *grants* a permissive appeal, it must expend judicial resources and run the risk of reversal in this Court. Denying a permissive appeal, by contrast, eliminates both concerns: the court of appeals would simply issue a short denial and then, if this Court took the case anyway, we would review the *trial* court's judgment, not that of the court of appeals. So why would a court of appeals feel chastened if this Court adds a case to our docket after an appellate panel decided not to do so?

---

[3] Regardless of a case's procedural posture, this Court, of course, remains bound to decide only cases involving questions that are "important to the jurisprudence of the state." Tex. Gov't Code § 22.001(a).

5

The exact opposite is demonstrably true. As a formal matter, *Sabre Travel* was correct to hold that this Court has jurisdiction—*authority*—to resolve an appeal when the court of appeals will not. But it is no "remedy" for this Court to entertain a permissive interlocutory appeal when a court of appeals declines to. No sister doing her brother's undone chores would think "*that* will show him!"

Nor would it be a sound practice for this Court to routinely take an appeal without a court of appeals having done so first. As we have already noted, "it would be more efficient in the long run for courts of appeals to do their job and decide permissive appeals like this one in the first instance." *Indus. Specialists*, 652 S.W.3d at 30 n.11 (Busby, J., dissenting). In other words, using the *Sabre Travel* "escape hatch" both undermines the goal of encouraging courts of appeals to take on interlocutory appeals *and* undermines the structure of our judicial process, in which this Court rarely hears direct appeals. As the plurality in *Industrial Specialists* put it, "we are not inclined to allow the permissive-appeal process to morph into an alternative process for direct appeals to this Court." *Id.* at 21. Such a result would hardly be in our judicial system's interest in the long run, and it would make our law neither better nor stronger.

We thus take no position on the merits question presented in Duke's petition for review or whether it otherwise meets the requirements of § 51.014(d). We concur in the denial of Duke's petition, though, because taking a case using *Sabre Travel*'s escape hatch should be reserved only for cases of particular importance. And when it is not clear that the Court would grant a petition for review if the court of

6

appeals *had* taken an interlocutory appeal, it would surely be unwise for us to grant a petition without even having an appellate decision to review. Duke is half-right on this point: doing the courts of appeals' work certainly sends a "message," but it would be exactly the wrong one.

## III

Fortunately, however, the *right* message has not been lost on the legislature. In the 88th Regular Session, the legislature passed, and the governor signed, S.B. 1603, which amends § 51.014 and will be codified as § 51.014(g)–(h). The new amendment has two components that fundamentally change, and should largely resolve, the current morass:

- The amendment requires courts of appeals to provide "the specific reason for finding that the appeal is not warranted under Subsection (d)" if they do "not accept an appeal under Subsection (f)."
- It also permits this Court to direct courts of appeals "to accept the [permissive] appeal" if, based on our de novo review, we find that "the requirements to permit an appeal under Subsection (d) are satisfied."

In our view, the first component clarifies what was already required, *see Indus. Specialists*, 652 S.W.3d at 28 (Busby, J., dissenting), but with the new amendment, there is no longer any doubt about the question. As stated by the plurality in *Industrial Specialists*, "[t]he court of appeals' recurring rejections may signify disrespect for the line between discretion and dereliction, but that is a line the legislature chose to draw quite loosely in section 51.014(f)." *Id.* at 18 (plurality op.). The legislature has now chosen to draw a line that is not so loose.

The second new requirement, moreover, addresses the perverse incentive for courts of appeals to deny interlocutory appeals. It gives this

7

Court a far better mechanism than the *Sabre Travel* escape hatch to ensure that the courts of appeals do "what the Legislature has authorized them to do," *Sabre Travel*, 567 S.W.3d at 733, which in turn will provide more opportunities (because of the reasoned decisions from the appellate courts) for this Court to address issues "expeditiously and efficiently." *S.C. v. M.B.*, 650 S.W.3d 428, 436 n.7 (Tex. 2022).

Thus, beginning September 1 of this year, summary denials of permissive appeals like the one here will no longer be permitted. The "recalcitrance" of which Duke complains will largely, if not entirely, be a moot point. And because errors made by the courts of appeals are now expressly subject to correction, the antidote that Duke prescribes—that *this* Court resolve cases when the courts of appeals punt—will be outdated.

The new legislative medicine is better, but we hope it will not need to be dispensed often. All courts should now know that the legislature indeed meant what this Court has understood it to say all along: that the courts of appeals should be inclined to review properly certified interlocutory appeals.

\* \* \*

The upshot is this: Going forward, the courts of appeals should grant permission far more often, as our cases repeatedly have urged. If they choose not to, or believe themselves not authorized to do so, they should express their reasons in detail and not with the currently prevailing rubber stamp. And this Court should grant few petitions after the courts of appeals have refused to adjudicate an interlocutory appeal, but should instead direct the courts of appeals to reach the merits when the statute makes review warranted.

8

With these reasons in mind, we concur in the denial of the petition for review.

_____
J. Brett Busby
Justice


_____
Evan A. Young
Justice

**OPINION FILED:** June 30, 2023

9